CRANE, Exrx. v DISABLED AMERICAN VETERANS OF THE WORLD WAR

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5835. Decided Oct. 28, 1940.

John J. Cooney, Cincinnati, for appellant.

M. Froome Barbour, Cincinnati, for appellee.

OPINION

By MATTHEWS, J.

Some time after the World War, and prior to 1926, certain veterans of that war brought into existence a corporation under the laws of Ohio, known as The Disabled American Veterans of the World War. While the purpose is not specifically stated, it does appear —and it is manifest—that its object was to relieve the disabled veterans of that war from disadvantages resulting from such disabilities. In 1926, a convention of disabled veterans was held

under its auspices at El Paso, Texas, at which was launched a movement to raise $2,000,000.00, and to that end a committee consisting of certain officers of the Ohio corporation, to take such action as they might see fit and report the results to the next annual convention, was formed. The money to be raised was to be placed in a trust fund, the interest from which was to be used for taking care of all the legislative, liaison, and publicity service of the organization. This committee was given the name of "Disabled American Veterans Service Fund" Committee.

Without reciting the details of the various changes that have been made in the composition of the committee, it is sufficient to say, that it has continued to the present its efforts to raise this fund. The committee constituted themselves trustees of the fund, and finally a corporation was organized, known as Service Fund Foundation to hold and administer the fund for certain specific purposes.

The money that has gone into this fund has come largely from donations by private individuals under the representation that it would be held in trust and disbursed for such purposes. It cannot be diverted without violating the agreements made with these contributors.

In launching the campaign in Cincinnati to secure contributions, a meeting was held at which several interested persons were present, among others, the plaintiff's testator. It was thought advisable to secure the services of a firm of professional solicitors, and, in order to do this, it was necessary to raise an initial sum of $50,000.00. They set about to raise this amount and at that meeting composed of disabled veterans and others, it was decided that those was contributed to the initial fund could, upon request, have the contribution regarded as a loan "to be returned upon request from the first Fifty Thousand Dollars collected in the National Campaign," or "have it counted as a part or all of his subscription to the Two Million Dollars."

The plaintiff's testator made his check for $500.00, payable to the treas-urer of the fund selected at that meeting. No request was ever made in his lifetime to have it considered as a loan.

Some years after the testator's death, demand was made upon the defendant that it treat this contribution as a loan to it and repay it. Upon this demand being refused this action was instituted.

It should be observed that the option to have it treated as a loan only charged the money collected in the National Campaign to its repayment. There is no claim that the defendant has had at any time any part of this fund in its possession or under its control. It is true that it is the cestui que trust, and as such has received from the trustee payments for the trust purposes, but not otherwise:

The trial court concluded that no personal liability rested upon the defendant under these circumstances, and rendered judgment in its favor.

It is from that judgment that this appeal was taken.

In considering the issue raised by this appeal, we have had the benefit of the opinion of the trial judge attached to the brief of the appellee. We are of the opinion that it fully supports his conclusion. We shall add very little to what is said there.

It should be noted that the defendant certainly did not expressly authorize any committee to impose a personal liability upon it. All its convention did was to appoint a committee to consider ways and means of raising a fund, and then approve the method adopted Now the method adopted did not contemplate any personal liability on the defendant. The money contributed to the initial fund was to be returned, on request, not by the defendant, but out of the first Fifty Thousand Dollars raised by the committee. That certainly imposed no personal liability on the defendant. If considered on the principles of agency, there is no basis for holding that this committee was authorized to incur debts for and on behalf of the defendant. If this latter fund had come into the possession or under the control of the defendant, a liability might have resulted therefrom, but it never did.

Now, considering the committee as a trustee—as it was—the law is clear that a trustee as such has no power to bind the cestui que trust. In 26 R. C. L., at 1316, et seq., it is said:

"The general rule undoubtedly is that a trustee cannot charge the trust estate by his executory contracts unless authorized to do so by the terms of the instrument creating the trust. On such contracts he is personally liable, and the remedy is against him personally, for the trust estate cannot promise, and unless he is bound no one is bound, for he has no principal, and the rules which determine the liability of an agent are not applicable to trustees. * * * The power to mortgage trust property does not include power to make a personal promise on behalf of the beneficiaries that they will pay the money secured. It carries power only to pledge, convey or hypothecate the property as security for money. And as the trustee's promise to pay money borrowed on mortgage security is not necessary to the execution of the power, it must be considered as his own personal obligation, whereby he became surety for the payment of the money. A trustee. who carries on a mercantile business with the trust assets, for the benefit of the cestuis que trust, is personally liable for goods purchased by him and charged to the trust without first establishing the account as a debt against the trust estate; and the beneficiaries are not necessary parties to the suit."

For these reasons, the judgment is affirmed.

HAMILTON, PJ., concurs.
ROSS, J., not participating.